IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:

PURSUE ENERGY CORPORATION                    APPELLANT-CROSS APPELLEE

V.                                           CIVIL ACTION NO. 3:06CV405 DPJ-JCS

MISSISSIPPI STATE TAX COMMISSION             APPELLEE-CROSS APPELLANT

ORDER

This cause is before the Court on appeal from the February 3, 2006 order of the United States Bankruptcy Court for the Southern District of Mississippi, Jackson Division. The Court's jurisdiction over bankruptcy appeals rests in Title 28 U.S.C. § 158(a). Having thoroughly reviewed Judge Ellington's comprehensive findings of fact and conclusions of law, as well as the record and the submissions of the parties, the Court concludes that the order of the Bankruptcy Court should be affirmed.

On September 20, 2002, Pursue Energy Corporation ("Pursue") filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code. Subsequently, the Mississippi State Tax Commission ("MSTC") filed a proof of claim based on two severance tax assessments. The first assessment related to a $79,000,000 payment made by Southern Natural Gas Company to Pursue and its partners pursuant to a buy down agreement. The second assessment related to Pursue's entitlement to certain deductions related to its gas processing fee. This appeal involves the Bankruptcy Court's determination of the validity of the Objections filed by Pursue (the Debtor) and the Unsecured Creditors' Committee ("UCC") to the MSTC's claim.

Judge Ellington presided over an extended trial on the proof of claim in August 2004, and after considering the proof of claim and amendments; testimony, evidence and exhibits presented at trial; and post-trial memorandum briefs, concluded that the objections should be granted in part and denied in part. All parties have appealed aspects of the Bankruptcy Court's order in some fashion.[1]

The applicable standard of review in a bankruptcy appeal is the same as that applied by the federal courts of appeals when reviewing a district court proceeding. Findings of fact by the Bankruptcy Court are not to be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses. FED. R. BANKR. P. 8013; *see also In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005); *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *In re Missionary Baptist Found. of Am.*, 712 F.2d 206, 209 (5th Cir. 1983) (internal citations omitted). Conclusions of law are reviewed de novo. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000), *cert. denied*, 531 U. S. 871 (2000); *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999). Evidentiary rulings are reviewed under an abuse of discretion standard. *See In re Ark-La-Tex Timber Co.*, 482 F.3d 319 (5th Cir. 2007).

The Court has exhaustively reviewed the parties' briefs and submissions, as well as the voluminous record of this case, and finds that the Bankruptcy Court was not clearly erroneous in its findings of fact. As for the evidentiary rulings challenged in this appeal, the Court finds no

---

[1] The UCC's appeal is a protective appeal, raising an issue that is only pertinent if this Court reverses the Bankruptcy Court, which it has not. Also, the MSTC has filed a motion to strike the UCC's response to its cross appeal, arguing that the response addresses matters which are not part of the record. The motion to strike is denied as moot.

abuse of discretion, and if there was such an abuse, it was harmless error.  Further, after a de novo review of the relevant law, the Court finds that the Bankruptcy Court meticulously and accurately interpreted and applied the law to the facts of this case.

Judge Ellington's order is thorough and well-reasoned.  As such, this Court affirms the decision of the Bankruptcy Court.

**SO ORDERED AND ADJUDGED** this the 28th day of September, 2007.

                                                    s/ *Daniel P. Jordan III*
                                                    UNITED STATES DISTRICT JUDGE